UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONTRE PAIGE,

                Plaintiff,

        v.                                       Case No. 25-cv-1222-bbc

MILWAUKEE COUNTY COMMUNITY
REINTEGRATION CENTER,
CHANTELL JEWELL, and
MILWAUKEE COUNTY HEALTH CARE,

                Defendants.

---

## SCREENING ORDER

---

       Plaintiff Dontre Paige, who is currently incarcerated at the Milwaukee County Community Reintegration Center (the Center) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Paige's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

       Paige has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Paige has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $67.83. Paige's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

According to Paige, on April 6, 2025, Nurse Terrica accidentally gave him the wrong medication. Shortly thereafter, Paige began to feel sleepy, weak, tired, and restless. He states that he complained to a guard that he did not feel well, so the guard called the health services unit. Nurse Terrica stayed in the hallway outside of the unit and made Paige come to her even though he had fallen asleep and had to be woken up by other inmates. Paige asserts that he informed Nurse Terrica that she had given him the wrong medication. He asserts that she became worried and said she did not want to lose her job. According to Paige, since taking the medication, he has started to feel depressed and anti-social and has had diarrhea and headaches. He states that the next day he woke up with a terrible headache. Guards called health services, and a nurse informed them that because Paige would be receiving Tylenol and Ibuprofen within the hour at the morning medication pass, they would not bring him pain medication at that time. Paige asserts that, since taking that single pill more than six months ago, he has been dealing with pain in his head, vision impairment, migraines, "psycho drama ten[s]ion headache, hearing voices in [his] head, seeing double people, hearing voices [sic], [and] withdrawal." Dkt. No. 1.

## ANALYSIS

Paige fails to state a claim upon which relief can be granted. Courts have long recognized that an isolated, one-time mistake in dispensing the wrong medication amounts to negligence at most and is therefore not actionable under the Constitution. *See e.g., Van Leer v. Centurion Health of Indiana, LLC*, No. 1:22-CV-02050-TWP-MG, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard*, No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016); *Pittman v. Madison County*, 108 F.4th 561,566 (7th Cir. 2024) (explaining that, to prevail, a plaintiff must

show that a defendant's actions were purposeful and intentional, not the result of negligence). The Court acknowledges that, according to Paige, he has endured long-lasting consequences as a result Nurse Terrica's error, but the mere fact that he has allegedly suffered harm does not mean he states a constitution claim. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").

Paige also fails to state a claim based on allegations that, the morning after he took a single dose of the wrong medication, he had to wait for about an hour before he received over-the-counter medication for a headache. Medical staff are busy, and the Constitution does not require nurses to drop everything to immediately respond to an inmate's complaints about non-emergency and common symptoms. The Court cannot reasonably infer that a headache treated with over-the-counter medication was an objectively serious medical condition or that a nurse's decision to make him wait an hour for the already scheduled medication pass was objectively unreasonable. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (explaining that to prevail on a medical care claim under the Fourteenth Amendment, a plaintiff must show that he was suffering from a serious medical condition and that the defendant's response was objectively unreasonable); *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (explaining that a prisoner has a serious medical need when there is "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.").

Paige's other allegations of inadequate medical treatment are too vague to state a claim. Paige does not allege who in health services he reported his symptoms to, when he reported the

symptoms, what symptoms he reported, how the person responded to his complaints, or how the person's response impacted him. Without these factual allegations, the Court cannot reasonably infer that Paige's constitutional rights were violated. *See Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Paige believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **November 7, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Paige's failure to state a claim in his original complaint. If Paige does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Paige's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 7, 2025**, Paige may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

5

**IT IS FURTHER ORDERED** that the clerk's office mail Paige a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Paige shall collect from his institution trust account the $292.17 balance of the filing fee by collecting monthly payments from Paige's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Paige is transferred to another institution, the transferring institution shall forward a copy of this Order along with Paige's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Paige is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 9, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge